IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VICTOR BERGEN, on behalf of                CV 05-1328-MA
JOHN L. BERGEN, deceased,

       Plaintiff,                            OPINION AND ORDER

v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

       Defendant.


KAREN STOLZBERG
11830 S.W. Kerr Parkway, #315
Lake Oswego, OR 97305
(503) 251-0707

       Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

MICHAEL McGAUGHRAN  
Regional Chief Counsel  
RICHARD A. MORRIS  
Special Assistant United States Attorney  
701 Fifth Avenue, Suite 2900 MS/901  
Seattle, WA  98104-7075  
(206) 615-2156        Attorneys for Defendant

MARSH, Judge.

   Plaintiff John Bergen filed this action for judicial review of a final decision of the Commissioner partially denying his application for disability insurance benefits and supplemental security income benefits (benefits) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 42 U.S.C. §1381-83f, respectively.[1]

   Plaintiff initially claimed he was disabled as of January 1, 2002, but later amended the disability onset date to December 7, 2002. The Administrative Law Judge (ALJ) found plaintiff was disabled as of December 2, 2003, but was not disabled before that date. Plaintiff alleged the Administrative Law Judge (ALJ) erred in finding he was not entitled to benefits for the period from December 7, 2002 through December 1, 2003. The Commissioner

---

[1] During the pendency of these proceedings, John Bergen died. His father, Victor Bergen, was substituted as plaintiff. If he prevails, plaintiff's father will be entitled to an award of unpaid DIB benefits, if any, but not SSI benefits. See 20 C.F.R. § 416.542(b)(1)(unpaid SSI benefits are payable to a surviving spouse). Throughout this Opinion and Order, "plaintiff" refers to the deceased claimant, John Bergen.

affirmed the ALJ's decision on appeal. Plaintiff seeks an order reversing the Commissioner's decision and remanding the case for further proceedings. The Commissioner contends her decision is based on substantial evidence and is free from legal error. Accordingly, she requests that the court affirm her decision denying benefits for the period from December 7, 2002 through December 1, 2003.

This court has jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the court REVERSES the final decision of the Commissioner and REMANDS this action for further proceedings.

## BACKGROUND

On the date of the Commissioner's final decision, plaintiff was 46 years old. He had a high school education. Plaintiff served in the Coast Guard from 1979-1982 and was honorably discharged under general conditions, after it was determined his psychological makeup was not compatible with a military lifestyle. Plaintiff's post-military employment record before December 7, 2002, the alleged onset date of his disability, included full-time substantial gainful activity as a house-cleaner, janitor, and order filler. He continued to work part-time as a house-cleaner after that date, but his monthly income never amounted to substantial gainful activity.

Plaintiff alleged he was disabled as of December 7, 2002, by

3 - OPINION AND ORDER

a combination of physical and mental impairments including: HIV/AIDS; depression; respiratory problems; irritable bowel syndrome, personality disorder; and anxiety disorder.  Plaintiff had a history of substance abuse, including the excessive use of alcohol, methamphetamine use, partially in remission, and marijuana, which he continued to use on a daily basis at least to the date of his first disability hearing in April, 2004.

In June 2004, after filing this claim, plaintiff was diagnosed with Hodgkins Disease.  He died from the disease in December 2005.

## THE ALJ'S FINDINGS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled.  Bowen v. Yuckert, 482 U.S.137, 140 (1987).  See also 20 C.F.R. § 404.1520.  Plaintiff bears the burden of proof at Steps One through Four.  See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each step is potentially dispositive.

Because the Commissioner found plaintiff was disabled as of December 2, 2003, the ALJ's relevant findings for purposes of the issues now before the court are those pertaining to plaintiff's claim of disability from December 7, 2002, through December 1, 2003.

At Step One, the ALJ did not make a specific finding, but the record establishes plaintiff did not engage in substantial

gainful activity during that time period. Tr. 81. 20 C.F.R. § 404.1574(b).

At Step Two, the ALJ found plaintiff suffered from HIV/AIDS with subsequent Hodgkin's Lymphoma, depression, and anxiety, that are severe impairments within the meaning of 20 C.F.R. § 404.1520(c)(an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities).

At Step Three, the ALJ found plaintiff's impairments did not meet or equal "the requisite criteria for any listings" as set forth in 20 C.F.R. § 404.1520(a)(4)(iii) and (d).

The ALJ found plaintiff had the residual functional capacity to perform the "full range" of medium exertion work, except that he should have only occasional interaction with supervisors and no work-related interaction with the general public.

At Step Four, the ALJ found plaintiff was able to perform his past relevant work as a housecleaner and janitor. 20 C.F.R. § 404.1520(a)(4)(v).

Based on the above finding, the ALJ did not need to address plaintiff's ability to adjust to other available work at Step Five.

Consistent with the above findings, the ALJ found plaintiff was not under a disability and denied his claim for benefits during the relevant time period.

5 - OPINION AND ORDER

On June 22, 2005, the Appeals Council affirmed the ALJ's decision and, therefore, that decision became the final decision of the Commissioner for purposes of judicial review.

## LEGAL STANDARDS ON JUDICIAL REVIEW

The initial burden of proof rests on the claimant to establish disability.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  To meet this burden, a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C § 423(d)(1)(A).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if the "evidence is

6 - OPINION AND ORDER

susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). The duty to further develop the record, however is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

## DISCUSSION

Plaintiff contends the ALJ erred by (1) not finding plaintiff's personality disorders were "severe," (2) rejecting plaintiff's testimony regarding his symptoms, (3) rejecting lay witness testimony, (4) rejecting the opinion of Bryan Neff, MSW, a social worker who treated plaintiff before and after the alleged onset of plaintiff's disability, and (5) providing an incomplete hypothetical to the vocational expert. Based on these errors, plaintiff seeks an order remanding this case to the ALJ

for an award of benefits because further proceedings are unnecessary and, therefore, would be wasteful.

The overarching issue in this case is whether the ALJ improperly discounted the opinion of Brian Neff, a non-acceptable medical source, regarding the severity of plaintiff's mental impairments from December 7, 2002, through December 1, 2003, and gave improper weight to the opinions of consultant neuropsychologist, Gregory Cole, Ph.D, who examined plaintiff in May 2004, and consulting agency psychologists, Peter LeBray, Ph.D. and Frank Lahman, Ph.D., who reviewed plaintiff's mental health records on behalf of the Commissioner for the purpose of determining plaintiff's residual functional capacity.[2]

**Medical Records.**

The relevant medical records are summarized below.

Treatment/Opinions - Brian Neff, MSW.

Neff treated plaintiff at the Veterans Administration Medical Center from December 1998 through at least April 2004. Neff was plaintiff's primary treating resource for mental health issues. His initial diagnosis relevant to plaintiff's mental impairments included: R/O substance induced [alcohol, marijuana, amphetamine abuse] psychotic and mood disorder; severe schizotypal personality disorder, moderate; obsessive compulsive

---

[2] The ALJ's alleged errors as to other issues addressed by plaintiff necessarily flowed from his rejection of Neff's opinion and his adoption of the opinions of consulting medical sources.

8 - OPINION AND ORDER

traits; and social isolation. Neff assigned a GAF score of 55 (moderate difficulty in social and occupational functioning). Id. at 423. During the course of his therapy treatments, Neff "tried to teach [plaintiff] skills that would help manage anxiety that triggered emotional dysregulation [difficulty in controlling emotions], more specifically, anger dyscontrol [difficulty in controlling anger]." Id. at 424. Neff had some difficulty pinning down a clear diagnosis because of plaintiff's "eccentric behavior" and that "[t]hroughout, it was clear he had some type of Anxiety Disorder, probable Mood Disorder, and clear Personality Disorder, which complicated treatment interventions." Id. at 425.

On December 7, 2002, plaintiff was hospitalized at a VA psychiatric facility after his arrest for an alcohol-induced anger outburst during which he broke furniture and smashed windows at his home, resulting in multiple lacerations to his wrist. He was discharged from the hospital on December 11, 2002.

In July 2003, plaintiff began considering disability "due to repeated failures at school and work and only a minimal response to medication and supportive therapy." Id. Neff requested a psychological assessment from VA clinical psychologist, Mark Ward. In December 2003, following a psychological evaluation performed for the VA by Myra Brown, M.A., Dr. Ward diagnosed severe generalized anxiety disorder, dysthymia, r/o substance-

9 - OPINION AND ORDER

induced psychosis, by history, and personality disorder, NOS, with borderline and schizotypal traits. Dr. Ward assigned a GAF score of 41 (serious impairment in social, school, and occupational functioning). Id. at 353.

Neff disagreed with Dr. Ward's dysthymia diagnosis because he believed plaintiff's history of "poor mood and emotional dysregulation are more likely a product of his borderline personality." Neff assigned a GAF score of 40 (major impairment in several areas such as work or school, family relations, judgment, thinking or mood. Id. at 425.

In April 2004, Neff's final diagnosis of plaintiff included severe general anxiety disorder, social phobia, R/O substance induced psychosis, and schizotypal and borderline personality disorder. Id. at 427. Neff concluded plaintiff was "totally and permanently disabled by his severe Generalized Anxiety Disorder," noting that "since I have worked with him, despite some initial success with treatment, [plaintiff] has been on a downslide in terms of his functioning and disease progression." Id.

Neuropsychological Exam/Opinion - Gregory Cole, Ph.D.

Dr. Cole performed a neuropsychological evaluation of plaintiff in May 2004, at the request of the Commissioner. His relevant diagnosis included major depression, recurrent, generalized anxiety disorder, marijuana dependence, r/o intermittent explosive disorder, personality disorder, NOS, with

10 - OPINION AND ORDER

schizoid characteristics, and stress associated with problems in plaintiff's social environment, occupational problems, and economic problems. Dr. Cole assigned a GAF of 50 (serious impairment in social, occupation, or social functioning).

Dr. Cole also noted results of the MMPI-II were "indicative of [plaintiff]'s tendency to exaggerate symptomatology, or it could be an indication of the client's level of confusion and disorganization." Dr. Cole specifically noted the "results of the current evaluation are generally consistent with medical records available to this evaluator."

### RFC Opinion - Peter LeBray, Ph.D., Frank Lahman, Ph.D.

The consulting psychologists reviewed plaintiff's medical records and concluded plaintiff had moderate limitations in his ability to work in coordination with or proximity to others, to get along with co-workers, to interact with the general public, to accept instructions and respond appropriately to criticism from supervisors, and because of substance abuse, to be aware of normal hazards and take appropriate precautions. They concluded plaintiff had mild restriction of daily living activities, mild difficulty in maintaining concentration, persistence, or pace, and moderate difficulty in maintaining social functioning. They also concluded plaintiff "had a very favorable response to prior psychotherapy experience." Tr. 377.

11- OPINION AND ORDER

**Analysis**.

The ALJ gave full credit to the medical evidence from the evaluating psychologists, Drs. Cole and Ward, and the opinions of consulting psychologists, Drs. LeBray and Lahman.  The opinions of Dr. LeBray and Dr. Lahman that plaintiff had a "very favorable response to prior psychotherapy" are opposite to the opinion of the therapist, Brian Neff and are belied, to some extent, by the circumstances surrounding plaintiff's hospitalization in December 2002.  At the disability hearing in April 2004, the ALJ made clear, however, that Neff's records were inadequate to establish disability.  In a discussion with plaintiff's counsel, the ALJ stated:

> I've been going through the file. . . . .
> And I find inadequate documentation from the
> Veteran's Administration from any treating
> source and I think that we need to send him
> out to have a test done and a report by a
> psychologist or psychiatrist.
>
> . . . .
>
> He's not having treatment by anybody that the
> Social Security Administration is going to
> recognize.

Tr. 885-86.

In response to the AlJ's concern, Dr. Cole conducted the neuropsychological examination described above.

In his opinion issued in November 2004, the ALJ stated he gave "full weight to the medical evidence of record, and physicians opinions."  Tr. 21.  He acknowledged Neff was

12- OPINION AND ORDER

plaintiff's "primary mental healthcare professional," but also noted Neff was a "non-medical source."  Accordingly, he gave "no weight" to Neff's opinion that plaintiff had "minimal response to treatment" even though Neff was the only practitioner treating plaintiff for his mental impairments.  Tr. 21-24.

It is also noteworthy that Dr. Cole, whom the ALJ assigned to evaluate plaintiff's mental state, generally agreed with Neff's diagnoses, stating his own diagnosis was "consistent" with the medical records.  Likewise, Dr. Ward's diagnosis is substantially similar to Neff's diagnosis, except that Neff disagreed with Dr. Ward's additional diagnosis of dysthymia.

Although Neff is not a licensed medical professional and, therefore, is not an "acceptable medical source" under 20 C.F.R. § 404.1513(a), social security regulations do allow the ALJ to consider non-medical sources, including public social welfare agency personnel such as Neff, to establish "the severity" of a claimant's impairment(s) and how it affects the claimant's ability to work.  20 C.F.R. § 404.1513(d)(3).

In that regard, on August 6, 2006, the Social Security Administration issued a clarification of its policy regarding the weight to be given to opinions from non-acceptable medical sources:

> The fact that a medical opinion is from an "acceptable medical source" is a factor that may justify giving that opinion greater weight than an opinion from a medical source

13- OPINION AND ORDER

>         who is not an "acceptable medical source"
>         because, as we previously indicated in the
>         preamble to our regulations at 65 FR 34955,
>         dated June 1, 2000, "acceptable medical
>         sources" "are the most qualified health care
>         professionals."  <u>However, depending on the
>         particular facts in a case, and after
>         applying the factors for weighing opinion
>         evidence, an opinion from a medical source
>         who is not an "acceptable medical source" may
>         outweigh the opinion of an "acceptable
>         medical source," including the medical
>         opinion of a treating source.</u>  For example,
>         it may be appropriate to give more weight to
>         the opinion of a medical source who is not an
>         "acceptable medical source" if he or she has
>         seen the individual more often than the
>         treating source and has provided better
>         supporting evidence and a better explanation
>         for his or her opinion.  Giving more weight
>         to the opinion from a medical source who is
>         not an "acceptable medical source" than to
>         the opinion from a treating source does not
>         conflict with the treating source rules in 20
>         CFR 404.1527(d)(2) and 416.927(d)(2) and SSR
>         96-2p, "Titles II and XVI: Giving Controlling
>         Weight To Treating Source Medical Opinions."

SSR 06-03p, Aug. 6, 2006 (emphasis added).

The factors the ALJ should consider in evaluating evidence from a non-medical source include:  (1) How long the source has known and how frequently the source has seen the individual; (2) how consistent the opinion is with other evidence; (3) the degree to which the source presents relevant evidence to support an opinion; (4) how well the source explains the opinion; (5) whether the source has a specialty or area of expertise related to the individual's impairment(s); and (6) any other factors that tend to support or refute the opinion.  <u>Id</u>.

14- OPINION AND ORDER

Here, the record reflects the ALJ did not consider Neff's treatment records or his opinions in determining the severity of plaintiff's mental impairments.  The record does reveal that Neff's diagnoses were consistent with those of acceptable medical sources, Drs. Cole and Ward.  The Commissioner, however, argues the opinions of those acceptable medical sources were given after plaintiff was found to be entitled to disability benefits in December 2003, and do not "clearly relate back to the one-year period in issue," December 7, 2002, through December 1, 2003. Thus, according to the Commissioner, consistent medical diagnoses rendered after the claimed period of disability cannot be relied on to validate non-acceptable medical opinions regarding the severity of a claimant's impairments during the claimed period of disability.

The Commissioner cites no authority for this line of reasoning and I reject it.  The Social Security Administration, in issuing the clarification, clearly intended that each case should be determined on its particular facts.  I remand this matter to the Commissioner for further proceedings to determine whether, after considering the appropriate factors, Neff's opinions regarding the severity of plaintiff's mental impairments, including his opinions as to plaintiff's response to his therapy treatments and plaintiff's ability to engage in substantial gainful activity from December 7, 2002, through

15 - OPINION AND ORDER

December 1, 2003, should be credited. If the ALJ determines Neff's evidence should be credited, the ALJ, in his disability analysis, shall disregard the contradictory opinion of the consulting psychologists, Drs. LeBray and Lahman, that plaintiff had a favorable response to mental health therapy.

## CONCLUSION

For these reasons, the Court REVERSES the final decision of the Commissioner and REMANDS this case for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this  1 day of November, 2006.

                                            /s/ Malcolm F. Marsh
                                          MALCOLM F. MARSH
                                          United States District Judge